# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **K.B., A.B., and E.B.**

**No. 17-0422** (Mingo County 16-JA-70, 16-JA-71, & 16-JA-72)

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.B., by counsel Susan Van Zant, appeals the Circuit Court of Mingo County's April 13, 2017, order terminating her parental rights to K.B., A.B., and E.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that there was insufficient evidence to terminate her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed an abuse and neglect petition against petitioner and the father. According to the petition, the parents had a significant history of domestic violence and substance abuse dating back to 1998. Most recently, the DHHR received a referral in April of 2016 due to a domestic violence incident in which the father threw a cinderblock through the windshield of a vehicle; petitioner and the children were in the vehicle at the time. Days later, petitioner was arrested on a warrant for theft by unlawful taking and failure to pay fines. Child Protective Services ("CPS") opened a case for the family and provided services. However, progress was limited. The parents minimized their issues, refused to take drug screens, and denied domestic violence problems. Petitioner stated that they would only accept in-home parenting classes. The petition was ultimately based on concerns that the children would not be safe and because neither parent took any steps to correct the problems of abuse.

In November of 2016, the circuit court held a preliminary hearing in which it heard testimony from the CPS worker, the services provider, and the father. The circuit court noted that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

petitioner had not been cooperative with drug screens or other services. At the conclusion of the evidence, the circuit court found probable cause to believe that petitioner abused and/or neglected the children. The children were removed from the home at that time. Later that month, the circuit court held an adjudicatory hearing in which petitioner stipulated to abusing the children and requested an improvement period, which was granted.

In January of 2017, a status hearing was held and the DHHR asked that the matter be set for disposition because petitioner was not complying with the terms and conditions of her improvement period. The guardian agreed and the hearing was scheduled.

The circuit court held a dispositional hearing in March of 2017. The DHHR presented testimony of a CPS worker, who testified that petitioner failed to comply with several aspects of her post-adjudicatory improvement period. Specifically, the circuit court heard evidence that petitioner attended very few of her therapy sessions. When she did attend, petitioner's participation was so minimal that the therapist considered cancelling the sessions. While petitioner eventually participated in drug screens, she tested positive for cocaine, marijuana, and barbiturates. Petitioner visited her children multiple times while allegedly under the influence of controlled substances. The circuit court also heard evidence about continued instances of domestic violence between the parents. Subsequent to the last hearing, the father set the living room on fire, threatened to kill the dog, and assaulted petitioner with a knife. In spite of these actions, petitioner made very little effort to separate from the father. Petitioner allegedly moved across the street, but the CPS worker testified that petitioner still essentially resided with the father. Ultimately, the circuit court terminated petitioner's parental rights to the children.[2] It is from the April 13, 2017, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

[2]The father's parental rights to the children were also terminated below. The father did not appeal the order terminating his parental rights. According to the DHHR, the children are placed in the home of their maternal grandparents with a goal of adoption therein.

On appeal, petitioner argues that the DHHR failed to prove "by clear and convincing evidence" that she abused the children or that she was aware of the abuse. We find no merit in petitioner's argument. The record in this matter is clear that petitioner voluntarily stipulated to the adjudication against her. In fact, the record shows that the circuit court explained to petitioner that her attorney could proceed with the hearing if she desired. However, when asked, petitioner affirmatively answered that she wanted to stipulate to the allegations. As such, petitioner has waived her right to raise this issue on appeal. *See State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ("This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal."). Based on the record, petitioner knowingly and voluntarily stipulated to the allegations against her. For these reasons, the Court finds that petitioner is entitled to no relief in regard to adjudication in this matter.

Further, this Court finds no error in the circuit court's termination of petitioner's parental rights. The circuit court found that petitioner was unable or unwilling to correct the conditions of abuse and/or neglect that necessitated the removal of the children. The circuit court further found that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future, specifically referencing the fact that petitioner made no effort to participate in court ordered services or in the case plan. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child .
> . . .

The evidence clearly established that petitioner made little effort to take advantage of the services offered to her when she knew that doing so would lead to regaining custody of her children. Petitioner continued to abuse drugs and was minimally cooperative with her service providers. Petitioner argues that she could have benefitted from additional services had they been offered, but the record fails to support her assertion. This Court agrees with the circuit court's findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(a)(6) directs circuit courts to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 13, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

3

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker